## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TRISEANA EDWARDS,         )
                  )
        **Plaintiff,**     )
                  )
**v.**                  )     **Case No. 2:25-cv-02548**
                  )
**THE UNIVERSITY OF KANSAS**   )
**HOSPITAL AUTHORITY, et al.,**   )
                  )
        **Defendants.**    )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and D. Kan. Rule 81.1, Defendants the University of Kansas Hospital Authority ("UKHA") and Adam Dinwiddie ("Dinwiddie") (collectively with UKHA, "Defendants") file this Notice of Removal of this action pending in the District Court of Wyandotte County, Kansas, to the United States District Court for the District of Kansas. Removal is proper because there is complete diversity of the parties and the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction. In support of removal, Defendants state as follows:

## STATE COURT ACTION

1.     On or about August 4, 2025, Plaintiff Triseana Edwards ("Plaintiff") (collectively with Defendants, "the Parties") commenced a civil action against UKHA and Dinwiddie in the District Court of Wyandotte County, Kansas, at Kansas City, styled *Triseana Edwards v. University of Kansas Hospital Authority; Adam Dinwiddie*, Case No. WY-2025-CV-000651 (the "State Court Action").

2.     On August 25, 2025, Plaintiff served UKHA with the Petition in the State Court action.

3.     On August 25, 2025, Plaintiff served Dinwiddie with the Petition in the State Court action.

106020757.1

4.     Pursuant to 28 U.S.C. § 1446(a) and D. Kan Rule 81.2 a copy of Plaintiff's Petition is attached as **Exhibit A.**

5.     In the State Court Action, Plaintiff alleges claims for Discrimination Based on Race in Violation of Kansas Act Against Discrimination, Retaliation in Violation of Kansas Act Against Discrimination, Wrongful Termination in Violation of Kansas Public Policy, Breach of Implied Covenant of Good Faith and Fair Dealing, Intentional Infliction of Emotional Distress, and Negligence. *See* **Exhibit A.**

## GROUNDS FOR REMOVAL

6.     As set forth in 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"

7.     UKHA and Dinwiddie consent to removal of this matter to federal court.

8.     Plaintiff is a citizen of the State of Missouri. *See* **Exhibit A** at ¶ 1.

9.     UKHA is an independent hospital authority created by Kansas statute and is a citizen of the state of Kansas. *See* K.S.A. § 76-3301 *et seq.*

10.     Dinwiddie is a citizen of the State of Kansas, residing in Johnson County, Kansas.

11.     Therefore, there is complete diversity of citizenship among the parties.

12.     Additionally, the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction based on Plaintiff's averments in the Petition. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

13.     In her Petition, Plaintiff claims to be owed lost wages; lost benefits; future lost

106020757.1

earning capacity and career advancement opportunities; emotional distress, humiliation, anxiety, and mental anguish; damage to professional reputation in her field; costs and expenses associated with seeking new employment; medical expenses related to emotional distress; other general and consequential damages; and punitive damages. In total, the amount in controversy is expected to be in excess of $75,000.

## VENUE IS PROPER

14.     Under 28 U.S.C. § 1441(a), an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

15.     Plaintiff filed her Petition in the District Court of Wyandotte, Kansas, meaning the United States District Court for the District of Kansas is the federal district court to which this case must be removed.

16.     Likewise, the Kansas City, Kansas Division is the proper division to which the case must be removed under 28 U.S.C. § 1446(a), which requires filing a notice of removal "in the district court of the United States for the district and division within which such action is pending."

## REMOVAL IS TIMELY

17.     A notice of removal must be filed within 30 days after receipt by the defendant through service or otherwise, of a copy of the state court petition. 28 U.S.C. § 1446(b).

18.     As Plaintiff served Defendants on August 25, 2025, the 30-day time limit within which Defendants are required to file this Notice of Removal has not yet expired. Therefore, this Notice of Removal is timely.

## STATE COURT PLEADINGS

19.     Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removal action as **Exhibit B**.

106020757.1

20.     Further, under 28 U.S.C. § 1446(d) and D. Kan. Rule 81.1(c)(2), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas.

21.     Pursuant to 28 U.S.C. § 1446(d) and D. Kan. Rule 81.1(c)(1), promptly after filing this Notice of Removal, Defendants will serve written notice of the removal to Plaintiff through her counsel of record.

22.     By filing this Notice of Removal, Defendants do not waive any defenses, jurisdictional or otherwise, that they may possess.  Defendants also do not concede that Plaintiff has stated any claims against them.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the above action now pending in the District Court of Wyandotte County, Kansas as Case No. WY-2025-CV-000651, be removed to the United States District Court for the District of Kansas.

## <u>DESIGNATION OF PLACE OF TRIAL</u>

Defendants respectfully request this Court in Kansas City, Kansas, take and retain jurisdiction of this action for determination of all issues, jury trial, and judgment, to the exclusion of any further proceedings in the District Court of Wyandotte County, Kansas.

106020757.1

Respectfully submitted,

POLSINELLI PC


By:*Elizabeth E. Berg* _____
    ERIC E. PACKEL (#23070)
    ELIZABETH E. BERG (#30513)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    (816) 753-1000
    Fax No: (816) 753-1536 Fax
    epackel@polsinelli.com
    eberg@polsinelli.com

ATTORNEYS FOR DEFENDANTS

106020757.1

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the foregoing was sent via (_____) U.S. Mail postage prepaid; (X) ECF Notification; (_____) Federal Express; and/or (X) E-mail this 22nd day of September 2025 to:

     Edward N. Foster, Esq.
     Caldwell Law Firm, PC
     2300 Main Street, Suite 900
     Kansas City MO  64108
     816-886-4108
     efoster@caldwell-law-firm.com

     ATTORNEYS FOR PLAINTIFF

*Elizabeth E. Berg*
_____
Elizabeth E. Berg

ELECTRONICALLY FILED
2025 Aug 04 PM 1:09
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2025-CV-000651
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

**AT KANSAS CITY**

**CIVIL COURT DEPARTMENT**

<span style="color:red">EXHIBIT A</span>

| | |
|---|---|
| TRISEANA EDWARDS, | ) |
| Plaintiff | ) |
| | )  Case No. |
| v. | ) |
| | ) |
| UNIVERSITY OF KANSAS HOSPITAL | ) |
| AUTHORITY; ADAM DINWIDDIE, | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

## PETITION

**TO THE HONORABLE COURT:**

Plaintiff Triseana Edwards, by and through her counsel, respectfully submits this Petition against Defendants and hereby alleges as follows:

## I. PARTIES

1. **Plaintiff Triseana Edwards** is an individual who, at all times relevant herein, was a resident of Jackson County, Missouri, and was employed by Defendant University of Kansas Hospital Authority as a Phlebotomist.

2. **Defendant University of Kansas Hospital Authority** ("UKHA" or "the Hospital") is a hospital authority organized under Kansas law, with its principal place of business located at 3901 Rainbow Boulevard, Kansas City, Kansas 66160.

3. **Defendant Adam Dinwiddie** is an individual who, at all times relevant herein, was employed by UKHA as Lab Support Services Manager and supervised Plaintiff during her employment.

<span style="color:red">EXHIBIT A</span>

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter as it involves Kansas employment law claims regarding Defendants' conduct and/or business in Kansas.

5. Venue is proper in Wyandotte County as Defendants' conduct business in this county and the events giving rise to this claim occurred in this county.

## III. ADMINISTRATIVE PREREQUISITES

6. On March 14, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race (African American), color, sex (female), and illegal retaliation.

7. The EEOC charge detailed Plaintiff's allegations that she was subjected to discriminatory treatment and racial stereotyping by her supervisor, Adam Dinwiddie, and was ultimately terminated in retaliation for her protected activities.

8. Plaintiff has satisfied all administrative prerequisites for bringing state law claims related to the conduct described in her EEOC charge and has thus exhausted her administrative remedies.

## IV. FACTUAL ALLEGATIONS

### Employment

9. Plaintiff was employed by UKHA as a Phlebotomist from approximately November 1, 2015, through March 14, 2023.

2

EXHIBIT A

10. Plaintiff is an African American woman who maintained a professional demeanor and performed her duties competently throughout her employment.

11. Defendant Dinwiddie served as Plaintiff's direct supervisor and manager during the relevant time period.

12. UKHA maintained workplace policies including Policy 5.23 Workplace Violence Prevention, which encouraged employees to report workplace safety concerns and violence prevention issues.

## Discriminatory Treatment and Hostile Work Environment

13. Throughout her employment, particularly under Defendant Dinwiddie's supervision, Plaintiff was subjected to discriminatory treatment based on her race, color, and sex.

14. Defendant Dinwiddie subjected Plaintiff to increased scrutiny, disciplinary measures, and hostile treatment that was not applied to similarly situated employees of a different race.

15. Plaintiff was singled out for discipline regarding fingernail policies while white coworkers were allowed to wear polished and artificial nails without negative consequences.

16. Plaintiff was subjected to disparate treatment in investigations, where her attempts to deescalate workplace conflicts were characterized as aggressive behavior, consistent with harmful racial stereotypes.

## Protected Activity - October 2022 Incident

17. On October 19, 2022, Plaintiff engaged in protected activity by reporting workplace safety violations when a nurse, Sylvia Ford, improperly confronted her about needle safety protocols in an elevator.

EXHIBIT A

18. The nurse had grabbed needles from Plaintiff's cart and attempted to enforce policies outside her authority, creating a safety concern.

19. Plaintiff reported this incident in accordance with UKHA's workplace safety policies and procedures.

20. In apparent retaliation for reporting this incident, Plaintiff received a written warning on October 19, 2022, for "unacceptable conduct/behavior."

## Protected Activity - February 2023 Incidents

21. On February 8, 2023, Plaintiff again engaged in protected activity when Defendant Dinwiddie requested feedback from the phlebotomy team regarding workplace collaboration and teamwork issues.

22. Plaintiff provided her professional opinion in a respectful manner when directly asked for input on improving team dynamics, as encouraged by UKHA policies.

23. On February 21, 2023, Plaintiff engaged in additional protected activity when she attempted to de-escalate a workplace altercation with coworker Michelle McClendon near the hospital elevators by the Heart Hospital.

24. During this incident, McClendon became verbally aggressive and began threatening and making statements which included but were not limited to:

    1. "Don't you fucking touch me"

    2. "Don't you put your hands on me bitch"

    3. "I will bust you in your head"

25. Plaintiff attempted to calm McClendon by asking McClendon to listen and further by trying to de-escalate the confrontation, consistent with UKHA's workplace violence prevention policies.

4

EXHIBIT A

26. Witness Lateshia Smith corroborated Plaintiff's account that Plaintiff was attempting to de-escalate the situation when McClendon became hostile and aggressive toward Plaintiff.

27. Plaintiff's actions were consistent with UKHA Policy 5.23 Workplace Violence Prevention, which requires employees to report workplace violence and remove themselves from dangerous situations.

## Retaliatory and Discriminatory Investigation and Termination

28. Following Plaintiff's protected actions, Defendants engaged in a pattern of retaliatory and discriminatory conduct thus creating a hostile work environment and ultimately terminating Plaintiff's employment.

29. On February 23, 2023, Defendants placed Plaintiff on paid administrative leave pending an investigation of the February 21 incident.

30. During the investigation, Defendant Dinwiddie demonstrated bias against Plaintiff based on her race and in retaliation for her protected activities by: a. Conducting a one-sided investigation focused on building a case against Plaintiff; b. Giving credence to, and relying on, statements from Donesha Brown, who was not present during the incident; c. Ignoring witness testimony from Lateshia Smith that corroborated Plaintiff's version of events; d. Characterizing Plaintiff's de-escalation efforts as aggressive and inappropriate behavior, consistent with racial stereotypes; e. Failing to investigate McClendon's threatening and violent behavior; f. Applying different standards to Plaintiff than to similarly situated employees of other races.

31. The investigation violated UKHA's own policies regarding fair and thorough workplace investigations and was tainted by racial bias and retaliatory intent.

5

EXHIBIT A

32. On March 14, 2023, Defendants terminated Plaintiff's employment, citing "Unprofessional Conduct/Behavior."

33. The stated reasons for termination were pretextual and constituted both retaliation for Plaintiff's protected activities and discrimination based on her race, color, and sex.

**Pattern of Discriminatory Treatment**

34. Plaintiff's termination was part of a broader pattern of discriminatory treatment that included: a. Subjecting Plaintiff to different standards regarding appearance and conduct; b. Characterizing Plaintiff's professional behavior through racial stereotypes; c. Failing to provide equal treatment in disciplinary matters; d. Creating a hostile work environment based on Plaintiff's race and sex.

**Administrative Vindication**

35. Following termination, UKHA provided false information to the Kansas Department of Labor, characterizing Plaintiff's termination as being for misconduct.

36. Based on UKHA's misrepresentations, Plaintiff was initially denied unemployment benefits.

37. Plaintiff appealed this determination and requested a hearing before the Kansas Department of Labor.

38. On July 28, 2023, following a thorough hearing with testimony from both parties, the Kansas Department of Labor Appeals Referee reversed the initial determination made in error.

39. The Appeals Referee specifically found that "The employer has failed to meet its burden to prove that the claimant was discharged for misconduct connected with the work."

EXHIBIT A

40. The Decision stated that Plaintiff's testimony was corroborated by witness Lateshia Smith, who agreed that Plaintiff was trying to de-escalate the situation when McClendon became hostile.

41. The administrative decision concluded that Plaintiff was not at fault and was wrongfully terminated.

42. This independent administrative finding provides strong evidence that Defendants' stated reasons for termination were pretextual.

## V. CAUSES OF ACTION

## COUNT I: DISCRIMINATION BASED ON RACE IN VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION (K.S.A. 44-1001 ET SEQ.)

43. Plaintiff incorporates by reference all of the preceding paragraphs.

44. The Kansas Act Against Discrimination ("KAAD") prohibits employers from discriminating against employees based on race or color.

45. Defendants discriminated against Plaintiff based on her race (African American) and color by: a. Subjecting her to disparate treatment in disciplinary matters; b. Applying different standards to her conduct than to similarly situated employees of other races; c. Characterizing her professional behavior through harmful racial stereotypes; and d. Terminating her employment based in part on her race.

## COUNT II: RETALIATION IN VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION

46. Plaintiff incorporates by reference all of the preceding paragraphs.

EXHIBIT A

47. KAAD prohibits retaliation against employees who oppose discriminatory practices or otherwise engage in protected activities.

48. Plaintiff engaged in protected activities by:  a. Reporting workplace safety violations; b. Providing feedback when requested by management; c. Attempting to de-escalate workplace violence; d. Opposing discriminatory treatment.

49. Defendants retaliated against Plaintiff for engaging in these protected activities by subjecting her to increased scrutiny, conducting a biased investigation, and ultimately terminating her employment.

50. Defendants' retaliatory conduct violated KAAD and caused Plaintiff to suffer damages.

## COUNT III: WRONGFUL TERMINATION IN VIOLATION OF KANSAS PUBLIC POLICY

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Kansas recognizes a cause of action for wrongful discharge when an employee is terminated for reasons that violate clearly established public policy.

53. Kansas has a clearly established public policy favoring: a. Workplace safety and the reporting of safety violations; b. The prevention of workplace violence; c. Employee participation in workplace improvement initiatives; d. The protection of employees who engage in activities designed to promote workplace safety; e. Equal treatment regardless of race, color, or sex.

54. Plaintiff's activities in reporting safety violations, providing feedback when requested by management, and attempting to de-escalate workplace violence were all consistent with and in furtherance of these public policies.

EXHIBIT A

55. Defendants terminated Plaintiff in retaliation for engaging in these protected activities because of her race, color and sex, thereby violating Kansas public policy.

56. Plaintiff's termination was wrongful and in violation of Kansas law.

## COUNT IV: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

57. Plaintiff incorporates by reference all of the preceding paragraphs.

58. An implied covenant of good faith and fair dealing exists in all employment relationships under Kansas law.

59. This covenant requires employers to act in good faith and deal fairly with employees, particularly in matters affecting continued employment.

60. Defendants breached this implied covenant by: a. Conducting a biased and predetermined investigation; b. Discriminating against Plaintiff based on her race, color, and sex; c. Retaliating against Plaintiff for engaging in protected activities; d. Terminating Plaintiff based on false and pretextual reasons; e. Failing to follow their own workplace policies and procedures.

61. Defendants acted in bad faith and dealt unfairly with Plaintiff in violation of Kansas employment law.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Defendants' conduct in discriminating against Plaintiff based on her race, color, and sex, retaliating against her for protected activities, conducting a biased investigation, and wrongfully terminating her employment was extreme and outrageous.

64. Defendants knew or should have known that their conduct would cause severe emotional

EXHIBIT A

distress to Plaintiff.

65. As a direct result of Defendants' intentional conduct, Plaintiff suffered severe emotional distress.

## COUNT VI: NEGLIGENCE

66. Plaintiff incorporates by reference all of the preceding paragraphs.

67. Defendants owed Plaintiff a duty to conduct fair and unbiased employment investigations, to provide a workplace free from discrimination, and to follow their own workplace policies.

68. Defendants breached this duty by conducting a predetermined and biased investigation, discriminating against Plaintiff, and failing to follow established workplace procedures.

69. Defendants' breach of duty was the proximate cause of Plaintiff's damages as set forth below.

## DAMAGES

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages including: a. Lost wages from the date of termination through the present; b. Lost benefits including health insurance, retirement contributions, and other employment benefits; c. Future lost earning capacity and career advancement opportunities; d. Emotional distress, humiliation, anxiety, and mental anguish; e. Damage

71. to professional reputation in her field; f. Costs and expenses associated with seeking new employment; g. Medical expenses related to emotional distress; h. Other general and consequential damages.

72. Defendants' conduct was willful, wanton, and malicious, warranting an award of punitive damages to deter similar conduct and to punish Defendants for their wrongful actions.

EXHIBIT A

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Award Plaintiff compensatory damages for lost wages, benefits, and other economic losses in an amount to be determined at trial;

3. Award Plaintiff damages for emotional distress and mental anguish;

4. Award Plaintiff punitive damages against Defendants in an amount sufficient to deter similar conduct;

5. Award Plaintiff reasonable attorneys' fees and costs as permitted by law, including under the Kansas Act Against Discrimination;

6. Award pre-judgment and post-judgment interest as provided by law;

7. Grant such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable as provided by K.S.A. 60-238 or related statutes.

RESPECTFULLY SUBMITTED,

<u>Caldwell Law Firm, P.C.</u>
By: /s/ Edward N. Foster
KS Bar No. 16449
2300 Main Street, #900
Kansas City, MO 64108 (888) 886-4108 efoster@caldwell-law-firm.com
ATTORNEY FOR PLAINTIFF

EXHIBIT A

ELECTRONICALLY FILED
2025 Aug 04 PM 1:09
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2025-CV-000651
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**AT KANSAS CITY**
**CIVIL COURT DEPARTMENT**

<span style="color:red">**EXHIBIT B**</span>

| | | |
|---|---|---|
| TRISEANA EDWARDS, | ) | |
| Plaintiff | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| UNIVERSITY OF KANSAS HOSPITAL | ) | |
| AUTHORITY; ADAM DINWIDDIE, | ) | |
| | ) | |
| Defendants | ) | |
| ———————————————— | ) | |

## <u>PETITION</u>

**TO THE HONORABLE COURT:**

Plaintiff Triseana Edwards, by and through her counsel, respectfully submits this Petition against

Defendants and hereby alleges as follows:

## I. PARTIES

1. **Plaintiff Triseana Edwards** is an individual who, at all times relevant herein, was a
   resident of Jackson County, Missouri, and was employed by Defendant University of
   Kansas Hospital Authority as a Phlebotomist.

2. **Defendant University of Kansas Hospital Authority** ("UKHA" or "the Hospital") is a
   hospital authority organized under Kansas law, with its principal place of business
   located at 3901 Rainbow Boulevard, Kansas City, Kansas 66160.

3. **Defendant Adam Dinwiddie** is an individual who, at all times relevant herein, was
   employed by UKHA as Lab Support Services Manager and supervised Plaintiff during
   her employment.

1

## II. JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter as it involves Kansas employment law claims regarding Defendants' conduct and/or business in Kansas.

5.  Venue is proper in Wyandotte County as Defendants' conduct business in this county and the events giving rise to this claim occurred in this county.

## III. ADMINISTRATIVE PREREQUISITES

6.  On March 14, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race (African American), color, sex (female), and illegal retaliation.

7.  The EEOC charge detailed Plaintiff's allegations that she was subjected to discriminatory treatment and racial stereotyping by her supervisor, Adam Dinwiddie, and was ultimately terminated in retaliation for her protected activities.

8.  Plaintiff has satisfied all administrative prerequisites for bringing state law claims related to the conduct described in her EEOC charge and has thus exhausted her administrative remedies.

## IV. FACTUAL ALLEGATIONS

### Employment

9.  Plaintiff was employed by UKHA as a Phlebotomist from approximately November 1, 2015, through March 14, 2023.

2

10. Plaintiff is an African American woman who maintained a professional demeanor and performed her duties competently throughout her employment.

11. Defendant Dinwiddie served as Plaintiff's direct supervisor and manager during the relevant time period.

12. UKHA maintained workplace policies including Policy 5.23 Workplace Violence Prevention, which encouraged employees to report workplace safety concerns and violence prevention issues.

## Discriminatory Treatment and Hostile Work Environment

13. Throughout her employment, particularly under Defendant Dinwiddie's supervision, Plaintiff was subjected to discriminatory treatment based on her race, color, and sex.

14. Defendant Dinwiddie subjected Plaintiff to increased scrutiny, disciplinary measures, and hostile treatment that was not applied to similarly situated employees of a different race.

15. Plaintiff was singled out for discipline regarding fingernail policies while white coworkers were allowed to wear polished and artificial nails without negative consequences.

16. Plaintiff was subjected to disparate treatment in investigations, where her attempts to deescalate workplace conflicts were characterized as aggressive behavior, consistent with harmful racial stereotypes.

## Protected Activity - October 2022 Incident

17. On October 19, 2022, Plaintiff engaged in protected activity by reporting workplace safety violations when a nurse, Sylvia Ford, improperly confronted her about needle safety protocols in an elevator.

3

18. The nurse had grabbed needles from Plaintiff's cart and attempted to enforce policies outside her authority, creating a safety concern.

19. Plaintiff reported this incident in accordance with UKHA's workplace safety policies and procedures.

20. In apparent retaliation for reporting this incident, Plaintiff received a written warning on October 19, 2022, for "unacceptable conduct/behavior."

## Protected Activity - February 2023 Incidents

21. On February 8, 2023, Plaintiff again engaged in protected activity when Defendant Dinwiddie requested feedback from the phlebotomy team regarding workplace collaboration and teamwork issues.

22. Plaintiff provided her professional opinion in a respectful manner when directly asked for input on improving team dynamics, as encouraged by UKHA policies.

23. On February 21, 2023, Plaintiff engaged in additional protected activity when she attempted to de-escalate a workplace altercation with coworker Michelle McClendon near the hospital elevators by the Heart Hospital.

24. During this incident, McClendon became verbally aggressive and began threatening and making statements which included but were not limited to:

    1. "Don't you fucking touch me"

    2. "Don't you put your hands on me bitch"

    3. "I will bust you in your head"

25. Plaintiff attempted to calm McClendon by asking McClendon to listen and further by trying to de-escalate the confrontation, consistent with UKHA's workplace violence prevention policies.

4

26. Witness Lateshia Smith corroborated Plaintiff's account that Plaintiff was attempting to de-escalate the situation when McClendon became hostile and aggressive toward Plaintiff.

27. Plaintiff's actions were consistent with UKHA Policy 5.23 Workplace Violence Prevention, which requires employees to report workplace violence and remove themselves from dangerous situations.

## Retaliatory and Discriminatory Investigation and Termination

28. Following Plaintiff's protected actions, Defendants engaged in a pattern of retaliatory and discriminatory conduct thus creating a hostile work environment and ultimately terminating Plaintiff's employment.

29. On February 23, 2023, Defendants placed Plaintiff on paid administrative leave pending an investigation of the February 21 incident.

30. During the investigation, Defendant Dinwiddie demonstrated bias against Plaintiff based on her race and in retaliation for her protected activities by: a. Conducting a one-sided investigation focused on building a case against Plaintiff; b. Giving credence to, and relying on, statements from Donesha Brown, who was not present during the incident; c. Ignoring witness testimony from Lateshia Smith that corroborated Plaintiff's version of events; d. Characterizing Plaintiff's de-escalation efforts as aggressive and inappropriate behavior, consistent with racial stereotypes; e. Failing to investigate McClendon's threatening and violent behavior; f. Applying different standards to Plaintiff than to similarly situated employees of other races.

31. The investigation violated UKHA's own policies regarding fair and thorough workplace investigations and was tainted by racial bias and retaliatory intent.

32. On March 14, 2023, Defendants terminated Plaintiff's employment, citing "Unprofessional Conduct/Behavior."

33. The stated reasons for termination were pretextual and constituted both retaliation for Plaintiff's protected activities and discrimination based on her race, color, and sex.

## Pattern of Discriminatory Treatment

34. Plaintiff's termination was part of a broader pattern of discriminatory treatment that included: a. Subjecting Plaintiff to different standards regarding appearance and conduct; b. Characterizing Plaintiff's professional behavior through racial stereotypes; c. Failing to provide equal treatment in disciplinary matters; d. Creating a hostile work environment based on Plaintiff's race and sex.

## Administrative Vindication

35. Following termination, UKHA provided false information to the Kansas Department of Labor, characterizing Plaintiff's termination as being for misconduct.

36. Based on UKHA's misrepresentations, Plaintiff was initially denied unemployment benefits.

37. Plaintiff appealed this determination and requested a hearing before the Kansas Department of Labor.

38. On July 28, 2023, following a thorough hearing with testimony from both parties, the Kansas Department of Labor Appeals Referee reversed the initial determination made in error.

39. The Appeals Referee specifically found that "The employer has failed to meet its burden to prove that the claimant was discharged for misconduct connected with the work."

40. The Decision stated that Plaintiff's testimony was corroborated by witness Lateshia Smith, who agreed that Plaintiff was trying to de-escalate the situation when McClendon became hostile.

41. The administrative decision concluded that Plaintiff was not at fault and was wrongfully terminated.

42. This independent administrative finding provides strong evidence that Defendants' stated reasons for termination were pretextual.

## V. CAUSES OF ACTION

## COUNT I: DISCRIMINATION BASED ON RACE IN VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION (K.S.A. 44-1001 ET SEQ.)

43. Plaintiff incorporates by reference all of the preceding paragraphs.

44. The Kansas Act Against Discrimination ("KAAD") prohibits employers from discriminating against employees based on race or color.

45. Defendants discriminated against Plaintiff based on her race (African American) and color by: a. Subjecting her to disparate treatment in disciplinary matters; b. Applying different standards to her conduct than to similarly situated employees of other races; c. Characterizing her professional behavior through harmful racial stereotypes; and d. Terminating her employment based in part on her race.

## COUNT II: RETALIATION IN VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION

46. Plaintiff incorporates by reference all of the preceding paragraphs.

47. KAAD prohibits retaliation against employees who oppose discriminatory practices or otherwise engage in protected activities.

48. Plaintiff engaged in protected activities by:  a. Reporting workplace safety violations; b. Providing feedback when requested by management; c. Attempting to de-escalate workplace violence; d. Opposing discriminatory treatment.

49. Defendants retaliated against Plaintiff for engaging in these protected activities by subjecting her to increased scrutiny, conducting a biased investigation, and ultimately terminating her employment.

50. Defendants' retaliatory conduct violated KAAD and caused Plaintiff to suffer damages.

## COUNT III: WRONGFUL TERMINATION IN VIOLATION OF KANSAS PUBLIC POLICY

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Kansas recognizes a cause of action for wrongful discharge when an employee is terminated for reasons that violate clearly established public policy.

53. Kansas has a clearly established public policy favoring: a. Workplace safety and the reporting of safety violations; b. The prevention of workplace violence; c. Employee participation in workplace improvement initiatives; d. The protection of employees who engage in activities designed to promote workplace safety; e. Equal treatment regardless of race, color, or sex.

54. Plaintiff's activities in reporting safety violations, providing feedback when requested by management, and attempting to de-escalate workplace violence were all consistent with and in furtherance of these public policies.

55. Defendants terminated Plaintiff in retaliation for engaging in these protected activities because of her race, color and sex, thereby violating Kansas public policy.

56. Plaintiff's termination was wrongful and in violation of Kansas law.

## COUNT IV: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

57. Plaintiff incorporates by reference all of the preceding paragraphs.

58. An implied covenant of good faith and fair dealing exists in all employment relationships under Kansas law.

59. This covenant requires employers to act in good faith and deal fairly with employees, particularly in matters affecting continued employment.

60. Defendants breached this implied covenant by: a. Conducting a biased and predetermined investigation; b. Discriminating against Plaintiff based on her race, color, and sex; c. Retaliating against Plaintiff for engaging in protected activities; d. Terminating Plaintiff based on false and pretextual reasons; e. Failing to follow their own workplace policies and procedures.

61. Defendants acted in bad faith and dealt unfairly with Plaintiff in violation of Kansas employment law.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Defendants' conduct in discriminating against Plaintiff based on her race, color, and sex, retaliating against her for protected activities, conducting a biased investigation, and wrongfully terminating her employment was extreme and outrageous.

64. Defendants knew or should have known that their conduct would cause severe emotional

distress to Plaintiff.

65. As a direct result of Defendants' intentional conduct, Plaintiff suffered severe emotional distress.

## COUNT VI: NEGLIGENCE

66. Plaintiff incorporates by reference all of the preceding paragraphs.

67. Defendants owed Plaintiff a duty to conduct fair and unbiased employment investigations, to provide a workplace free from discrimination, and to follow their own workplace policies.

68. Defendants breached this duty by conducting a predetermined and biased investigation, discriminating against Plaintiff, and failing to follow established workplace procedures.

69. Defendants' breach of duty was the proximate cause of Plaintiff's damages as set forth below.

## DAMAGES

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages including: a. Lost wages from the date of termination through the present; b. Lost benefits including health insurance, retirement contributions, and other employment benefits; c. Future lost earning capacity and career advancement opportunities; d. Emotional distress, humiliation, anxiety, and mental anguish; e. Damage

71. to professional reputation in her field; f. Costs and expenses associated with seeking new employment; g. Medical expenses related to emotional distress; h. Other general and consequential damages.

72. Defendants' conduct was willful, wanton, and malicious, warranting an award of punitive damages to deter similar conduct and to punish Defendants for their wrongful actions.

10

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Award Plaintiff compensatory damages for lost wages, benefits, and other economic losses in an amount to be determined at trial;

3. Award Plaintiff damages for emotional distress and mental anguish;

4. Award Plaintiff punitive damages against Defendants in an amount sufficient to deter similar conduct;

5. Award Plaintiff reasonable attorneys' fees and costs as permitted by law, including under the Kansas Act Against Discrimination;

6. Award pre-judgment and post-judgment interest as provided by law;

7. Grant such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable as provided by K.S.A. 60-238 or related statutes.

RESPECTFULLY SUBMITTED,

<u>Caldwell Law Firm, P.C.</u>
By: /s/ Edward N. Foster
KS Bar No. 16449
2300 Main Street, #900
Kansas City, MO 64108 (888)
886-4108 cfoster@caldwell-law-firm.com
ATTORNEY FOR PLAINTIFF

11

ELECTRONICALLY FILED
2025 Aug 04 PM 2:12
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2025-CV-000651
PII COMPLIANT



| | |
|---|---|
| **Court:** | Wyandotte County District Court |
| **Case Number:** | WY-2025-CV-000651 |
| **Case Title:** | Triseana Edwards  vs.  University of Kansas Hospital Authority, et al |
| **Type:** | ORD: Summons - Filer Drafted Summons |

SO ORDERED,



_____

/s/ Clerk of District Court

Electronically signed on 2025-08-04 14:12:48          page 1 of 6

IN THE 29th JUDICIAL DISTRICT
DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

TRISEANA EDWARDS,                      )
                                       )
                                       )
Plaintiff                              )
                                       )          Case No.
v.                                     )
                                       )
UNIVERSITY OF KANSAS HOSPITAL          )
AUTHORITY; ADAM DINWIDDIE,             )
                                       )
                                       )
Defendants                             )
                                       )

Proceeding Pursuant to K.S.A. Chapter 60

## SUMMONS

**To:**   ADAM DINWIDDIE,
          *(Defendant's name )*

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you

received it), you must serve on the plaintiff an answer to the attached petition or a motion

under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the

clerk of the court an extension of up to 14 additional days to serve and to file an answer

or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion

or obtain a Rule 113 extension, the court may enter default judgment against you for the

Rev. 12/2022  KSJC                           1

relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

_____
(Attorney's name or Plaintiff's name)

_____
(Attorney's address or Plaintiff's address)

_____

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Date _____                    Clerk of the District Court.

Clerk's Seal                             By _____
                                            Clerk or Deputy

## RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I certify that I served a copy of this summons and a copy of the petition and

_____
*(Insert name of any other documents served)*

on _____ in the following manner:
        *(Name of defendant)*

_____(1)    **Personal Service** - on the _____ day of _____, 2____,    by delivering or offering to deliver the documents to the above-named person;

_____(2)    **Residence Service** - on the _____ day of _____, 2____,    by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3)    **Residence Service** - on the _____ day of _____, 2____,    by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)    **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2____, the documents by return receipt delivery to the above-named person at the following address:    _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)    **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)    **Other Method of Service** - _____.
        *(Describe other method of service allowed by law)*

_____(7)    **No Service**. The above-named person was not served for the following reason(s): _____.

**CERTIFICATION OF
RETURN ON SERVICE OF SUMMONS**

**Service by
Law Enforcement Officer**

I declare under penalty of perjury, as provided in K.S.A. 21-3805, that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

_____
*(Signature of Officer)*

_____
*(Title of Officer)*

**Service Outside State
Affidavit of Service**

STATE OF _____ )
                                        ) ss.
COUNTY OF _____ )

I, _____, am authorized to serve process in civil actions in the state of _____.
  *(name)*
_____.
*(state)*

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

_____
*(Signature of Person Authorized to Administer Oaths)*

Subscribed and sworn to before me this _____ day of _____, 2____.

_____
*(Signature of Person Authorized to Administer Oaths)*

**Service by a Person other than a Law Enforcement Officer in Kansas**

**Affidavit of Service**

STATE OF KANSAS          )
                                       ) ss.
COUNTY OF _____)

       I, _____, swear or affirm that the foregoing Return on Service
          *(name)*
of Summons is true and correct.

Executed on  _____, 2____.

                                _____
                                 *(Signature of Person Service Process)*

Subscribed and sworn to before me this _____ day of _____, 2____.

                                _____
                                *(Signature of Person Authorized to Administer Oaths)*

ELECTRONICALLY FILED
2025 Aug 04 PM 2:12
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2025-CV-000651
PII COMPLIANT



| | |
|---|---|
| **Court:** | Wyandotte County District Court |
| **Case Number:** | WY-2025-CV-000651 |
| **Case Title:** | Triseana Edwards  vs.  University of Kansas Hospital Authority, et al |
| **Type:** | ORD: Summons - Filer Drafted Summons |

SO ORDERED,



/s/ Clerk of District Court

Electronically signed on 2025-08-04 14:12:48          page 1 of 6

IN THE 29th JUDICIAL DISTRICT
DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

TRISEANA EDWARDS,         )
                              )
                              )
Plaintiff                   )
                              )    Case No.
v.                        )
                              )
UNIVERSITY OF KANSAS HOSPITAL  )
AUTHORITY; ADAM DINWIDDIE,    )
                              )
                              )
Defendants               )
                              )

Proceeding Pursuant to K.S.A. Chapter 60

**SUMMONS**

To:   UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,
       (Defendant's name )

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you

received it), you must serve on the plaintiff an answer to the attached petition or a motion

under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the

clerk of the court an extension of up to 14 additional days to serve and to file an answer

or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion

or obtain a Rule 113 extension, the court may enter default judgment against you for the

relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

_____

*(Attorney's name or Plaintiff's name)*

_____

*(Attorney's address or Plaintiff's address)*

_____

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Date _____                    Clerk of the District Court.

Clerk's Seal                                     By _____

                                                       Clerk or Deputy

## RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I certify that I served a copy of this summons and a copy of the petition and
_____
*(Insert name of any other documents served)*

on _____ in the following manner:
   *(Name of defendant)*

_____(1)    **Personal Service** - on the _____ day of _____, 2___,    by delivering or offering to deliver the documents to the above-named person;

_____(2)    **Residence Service** - on the ____ day of _____, 2___,    by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3)    **Residence Service** - on the ____ day of _____, 2___,    by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)    **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)    **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)    **Other Method of Service** - _____.
                                          *(Describe other method of service allowed by law)*

_____(7)    **No Service**.  The above-named person was not served for the following reason(s): _____.

**CERTIFICATION OF**
**RETURN ON SERVICE OF SUMMONS**

**Service by**
**Law Enforcement Officer**

I declare under penalty of perjury, as provided in K.S.A. 21-3805, that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

_____
*(Signature of Officer)*

_____
*(Title of Officer)*

---

**Service Outside State**
**Affidavit of Service**

STATE OF _____)
                                              ) ss.
COUNTY OF _____)

I, _____, am authorized to serve process in civil actions in the state of
_____.
*(name)*
_____.
*(state)*

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

_____
*(Signature of Person Authorized to Administer Oaths)*

Subscribed and sworn to before me this _____ day of _____, 2____.

_____
*(Signature of Person Authorized to Administer Oaths)*

**Service by a Person other than a Law Enforcement Officer in Kansas**

**Affidavit of Service**

STATE OF KANSAS           )
                          ) ss.
COUNTY OF _____)

      I, _____, swear or affirm that the foregoing Return on Service
    *(name)*
of Summons is true and correct.

Executed on _____, 2____.


_____
*(Signature of Person Service Process)*


Subscribed and sworn to before me this _____ day of _____, 2____.


_____
*(Signature of Person Authorized to Administer Oaths)*

ELECTRONICALLY FILED
2025 Sep 11 AM 11:21
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2025-CV-000651
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| **TRISEANA EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. WY-2025-CV-000651** |
| **THE UNIVERSITY OF KANSAS** | ) | **K.S.A. Chapter 60** |
| **HOSPITAL AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REQUEST FOR CLERK'S EXTENSION

Defendant the University of Kansas Hospital Authority, by and through counsel of record, requests that the Clerk, pursuant to Kansas Supreme Court Rule 113 grant a fourteen (14) day Clerk's Extension to Defendants to file a responsive pleading to the Petition.

105871342.1

Respectfully submitted,

POLSINELLI PC


By: */s/ Elizabeth E. Berg*
    ERIC E. PACKEL (#23070)
    ELIZABETH E. BERG (#30513)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    (816) 753-1000
    Fax: (816) 753-1536
    epackel@polsinelli.com
    eberg@polsinelli.com

ATTORNEYS FOR DEFENDANT THE
UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (___) United States Mail, postage prepaid; (X) ECF Notification System; and/or (___) E-mail this 11th day of September 2025 to:

Edward N. Foster, Esq.
Caldwell Law Firm, PC
2300 Main Street, Suite 900
Kansas City MO  64108
816-886-4108
efoster@caldwell-law-firm.com

ATTORNEYS FOR PLAINTIFF


By: */s/ Elizabeth E. Berg*

2

ELECTRONICALLY FILED
2025 Sep 11 PM 1:31
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2025-CV-000651
PII COMPLIANT



**Court:**          Wyandotte County District Court

**Case Number:**    WY-2025-CV-000651

**Case Title:**     Triseana Edwards  vs.  University of Kansas
                    Hospital Authority, et al

**Type:**           ORD: Clerk's Extension Clerk's Extension


                    SO ORDERED,


                              

                    _____

                    /s/ Clerk of District Court


Electronically signed on 2025-09-11 13:31:23          page 1 of 3

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | |
|---|---|
| **TRISEANA EDWARDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. WY-2025-CV-000651** |
| ) | **K.S.A. Chapter 60** |
| **THE UNIVERSITY OF KANSAS** ) | |
| **HOSPITAL AUTHORITY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## CLERK'S EXTENSION

Pursuant to Kansas Supreme Court Rule 113 and on application of Defendant the University of Kansas Hospital Authority ("UKHA"), by and through counsel Elizabeth E. Berg and Eric E. Packel of Polsinelli PC, Defendants UKHA and Adam Dinwiddie are granted an additional fourteen (14) days until September 29, 2025, in which to answer or otherwise respond to Plaintiff's Petition.

 

_____
CLERK OF THE COURT

105871573.1

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (___) United States Mail, postage prepaid; (X) ECF Notification System; and/or (___) E-mail this 11th day of September, 2025 to:

Edward N. Foster, Esq.
Caldwell Law Firm, PC
2300 Main Street, Suite 900
Kansas City MO 64108
816-886-4108
efoster@caldwell-law-firm.com

ATTORNEYS FOR PLAINTIFF

By: */s/ Elizabeth E. Berg*

105871573.1

ELECTRONICALLY FILED
2025 Sep 12 PM 3:18
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2025-CV-000651
PII COMPLIANT

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| **TRISEANA EDWARDS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. WY-2025-CV-000651** |
| **UNIVERSITY OF KANSAS HOSPITAL** ) | |
| **AUTHORITY; ADAM DINWIDDIE** ) | |
| ) | |
| **Defendants.** ) | |

### ENTRY OF APPEARANCE

Eric E. Packel, of the law firm of Polsinelli PC, hereby enters his appearance as lead counsel of record for Defendants University of Kansas Hospital Authority and Adam Dinwiddie in the above-styled case.

Respectfully submitted,

POLSINELLI PC

By: /s/ *Eric E. Packel*
    ERIC E. PACKEL (#23070)
    ELIZABETH E. BERG (#30513)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    816.753.1000
    Fax No.: 816.753.1536
    epackel@polsinelli.com
    eberg@polsinelli.com

ATTORNEYS FOR DEFENDANTS
UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY and ADAM DINWIDDIE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (___) United States Mail, postage prepaid; ( x ) ECF Notification System; (____) E-mail; and/or (____) Hand Delivery this 12th day of September 2025, to:

Edward N. Foster
CALDWELL LAW FIRM P.C.
2300 Main Street, #900
Kansas City, MO 64108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

_/s/ Eric E. Packel_
Attorney for Defendants

105907629.1

ELECTRONICALLY FILED
2025 Sep 12 PM 4:01
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  WY-2025-CV-000651
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
AT KANSAS CITY
CIVIL COURT DEPARTMENT**

| | |
|---|---|
| **TRISEANA EDWARDS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. WY-2025-CV-000651** |
| **UNIVERSITY OF KANSAS HOSPITAL** | ) |
| **AUTHORITY; ADAM DINWIDDIE** | ) |
| | ) |
| **Defendants.** | ) |

## ENTRY OF APPEARANCE

Elizabeth E. Berg, of the law firm of Polsinelli PC, hereby enters her appearance as counsel

of record for Defendants University of Kansas Hospital Authority and Adam Dinwiddie in the

above-styled case.

Respectfully submitted,

POLSINELLI PC

By: /s/ Elizabeth E. Berg
    ERIC E. PACKEL (#23070)
    ELIZABETH E. BERG (#30513)
    900 W. 48th Place, Suite 900
    Kansas City, MO  64112
    816.753.1000
    Fax No.:  816.753.1536
    epackel@polsinelli.com
    eberg@polsinelli.com

ATTORNEYS FOR DEFENDANTS
UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY and ADAM DINWIDDIE

105907702.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by (___) United States Mail, postage prepaid; ( x ) ECF Notification System; (____) E-mail; and/or (____) Hand Delivery this 12th day of September 2025, to:

Edward N. Foster
CALDWELL LAW FIRM P.C.
2300 Main Street, #900
Kansas City, MO 64108
efoster@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF

_____*/s/ Elizabeth E. Berg*_____
Attorney for Defendants

105907702.1